UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID WAYNE CAMPBELL       ]
    Plaintiff,           ]
                           ]
v.                         ]     No. 3:15-0102
                           ]     Judge Trauger
SOUTHERN HEALTH PARTNERS,  ]
et al.                     ]
    Defendants.          ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Brown County Jail in Nashville, Indiana. He brings this action pursuant to 42 U.S.C. § 1983 against Southern Health Partners, the entity responsible for health care at the Sumner County Jail; and the Sumner County jail; seeking injunctive relief and damages.

The plaintiff was an inmate at the Sumner County Jail from December, 2013 to May, 2014. During that time, he alleges that the defendants denied him adequate medical care. More specifically, the plaintiff claims that he was denied medical care for a gall bladder that later required surgery. In addition, he asserts that the medical staff at the Sumner County Jail mistakenly treated the plaintiff's hypoglycemia with insulin.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official

1

capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Sumner County, the municipal entity that operates the Sumner County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Sumner County or its agent, the Sumner County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Sumner County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989). To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Sumner County. Consequently, the plaintiff has failed to state a claim against the

defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                         Aleta A. Trauger
                                         United States District Judge